UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AHARON PATRICK WELLES ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:07-CV-71 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| CHATTANOOGA POLICE ) | |
| DEPARTMENT, STEVE PARKS, ) | |
| and THE CITY of CHATTANOOGA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff Aharon Patrick Welles ("Plaintiff") filed this case against defendants Chattanooga Police Department, Steve Parks ("Parks"), and the City of Chattanooga (collectively, "Defendants") alleging employment discrimination under federal and Tennessee law (Court File No. 1). Defendants filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Parks in his individual and official capacities (Court File No. 7) and a memorandum in support (Court File No. 8). Plaintiff filed a response (Court File No. 13). Defendants did not file a reply. For the following reasons, the motion to dismiss Parks will be **GRANTED** and Parks will be **DISMISSED**. In addition, the Court will permit Plaintiff to substitute the current chief of the Chattanooga Police Department as a defendant in Parks's place if Plaintiff desires.

**I.      RELEVANT FACTS**

The facts necessary to address this motion to dismiss are minimal and are drawn from Plaintiff's complaint. Plaintiff worked for the Chattanooga Police Department for 12 years before being terminated (Court File No. 1, ¶ 1). He alleges he was terminated and treated differently

because he is black (*id.*). He accuses Defendants, including Parks, the former chief of the Chattanooga Police Department, of discrimination (*id.*, ¶ 2). Plaintiff alleges Parks, while chief of police, made conflicting statements to the Equal Employment Opportunity Commission, including an admission that he is "involved in every internal affairs case" (*id.*, ¶ 7). In addition, personnel files "showed that the Chief of Police made favorable decisions for white officers who should have been terminated according to policy for infractions either the same or similar to those charged to the Plaintiff" (*id.*). Essentially, Plaintiff alleges he was terminated but lesser punishments were given to white officers who committed similar offenses (*id.* ¶¶ 4 & 8-9).[1]

## II.    STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy*

---

[1] Plaintiff's complaint does not state what offense he committed.

2

*Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original).

**III.    DISCUSSION**

Defendants[2] move to dismiss Parks in his individual and official capacities on the grounds that he is not "personally liable" (Court File No. 8, p. 2). Plaintiff's complaint does not specify whether Parks is sued in his individual or official capacity or both, so the complaint is treated as suing Parks only in his official capacity unless the "course of proceedings" indicates Parks received notice he was being sued in his individual capacity. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) ("[W]hile it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." (internal quotation and citation omitted)). Here, although Plaintiff's complaint does not specify whether Parks was sued in his individual or official capacities, Defendants filed a motion to dismiss Parks in both his individual and official capacities, and Plaintiff filed a response urging the Court to not dismiss the individual and official capacity claims. Assuming Parks is on notice he could be personally liable, the Court will construe the complaint as suing him in both capacities.

The Court will dismiss Parks in his official capacity because he is no longer being chief of the Chattanooga Police Department. (Court File No. 1, ¶ 2); City of Chattanooga Police Department, http://www.chattanooga.gov/74_107.htm. Pursuant to Fed. R. Civ. P. 25(d), the Court will permit Plaintiff to substitute the current chief of the Chattanooga Police Department as a defendant in Parks's place if Plaintiff desires. It is also noteworthy that, since official-capacity suits

---

[2]Although the motion affects only Parks, it was filed on behalf of all Defendants.

are merely another way of pleading an action against the governmental entity of which the defendant is an official, employee, or agent, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Hardin v. Straub*, 954 F.2d 1193, 1198 (6th Cir. 1992), the official capacity claim against the chief of the Chattanooga Police Department seeks to impose liability on the City of Chattanooga, which is already a defendant.

Having dismissed Parks in his official capacity, the Court will now consider whether Parks in his individual capacity is liable under Title VII and the Tennessee Human Rights Act.

**A. Title VII**

"[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Therefore, if Parks is merely an employee or supervisor, he faces no liability, but he may be liable if he qualifies as an employer. Plaintiff argues Parks is an employer because under Title VII an "employer" is a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). However, this definition merely defines the scope of employer liability. *Id.* at 406; *see also Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999). Reading the statute as a whole, the legislative history, and other case law, the Sixth Circuit held individual employees, including supervisors, are not liable under Title VII. *Wathen*, 115 F.3d at 406.

Three of the reasons the Sixth Circuit relied on in *Wathen* are particularly applicable here. First, individual employees are not liable under Title VII because Congress did not want to burden individuals with the cost of litigating employment discrimination claims. *Id.* This burden would be felt by Parks just like any other individual employee. Second, the 1991 amendments to Title VII

4

provide for damages based on employer size with no provision for damages to be paid by individuals. *Id.* This suggests individual liability is not contemplated. Third, Title VII's remedial provisions–reinstatement and back pay–can apply only to employers. *Id.* Parks as an individual cannot reinstate Plaintiff or provide back pay.

Plaintiff contends Parks is actually an employer because "he is responsible for the overall running of the Chattanooga Police Department and as the head of the police department he is one in the same with the police department" (Court File No. 13, p. 1 n.1). However, only the Chattanooga Police Department is an employer here. Plaintiff was employed by the Chattanooga Police Department, not Parks. Parks himself worked for the Chattanooga Police Department. He was not self-employed. Parks is a supervisor, and "the law is clear that a supervisor cannot be held liable in his or her individual capacity for violations of Title VII." *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362, n.2 (6th Cir. 2001). Accordingly, the individual capacity Title VII claim against Parks will be **DISMISSED**.

### B. Tennessee Human Rights Act

Plaintiff's complaint alleges Defendants committed discrimination in violation of "the laws of Tennessee" (Court File No. 1, ¶ 2). Because Plaintiff alleges employment discrimination, the Court will construe Plaintiff's claim as alleging a violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. Sections 4-21-101, *et seq*. Defendants request Parks be dismissed from this case but only argue that he cannot be liable under Title VII and make no mention of Tennessee law. In his response to Defendants' motion to dismiss, Plaintiff argues that the THRA imposes broader liability than Title VII and allows for liability on Parks (Court File No. 13, pp. 2-3).

The "THRA is broader than Title VII in terms of who may be held liable for harassment and

5

discrimination." *Carr v. UPS*, 955 S.W.2d 832, 835 (Tenn. 1997), *overruled on other grounds by Parker v. Warren County Util. Dist.*, 2 S.W.3d 170 (Tenn. 1999). Although there is generally no individual liability under THRA, "an individual who aids, abets, incites, compels, or commands an employer to engage in employment-related discrimination has violated the THRA." *Id.* at 836. Thus, Parks is individually liable only if he was an accomplice to discrimination by another person and is not liable for any discriminatory acts he may have engaged in. *Crutchfield v. Aerospace Ctr. Support*, No. 98-6105, 1999 U.S. App. LEXIS 32765, 1999 WL 1252899, *2 (6th Cir. Dec. 14, 1999) (unpublished); *Jenkins v. Nashville Pub. Radio*, No. 3:02cv0179, 2005 U.S. Dist. LEXIS 33280, *19-21, 2005 WL 3358871, *7 (M.D. Tenn. Dec. 9, 2005). This is a narrow exception to the rule against individual liability. *Kirby v. Memphis Sec. Co.*, No. 1:01-CV-151, 2003 U.S. Dist. LEXIS 19927, *7 n.1, 2003 WL 22509412, *2 n.1 (E.D. Tenn. Nov. 5, 2003). Such liability occurs only if the individual performs an act that is "separate and distinct from acting as a supervisor." *Eppes v. Enter. Rent-A-Car Co.*, No. 3:05-CV-458, 2007 U.S. Dist. LEXIS 29084, *33-34, 2007 WL 1170741 (E.D. Tenn. Apr. 18, 2007).

The only discussion of Parks's alleged actions occurs in paragraph 7 of the complaint, which essentially states that Parks, as chief of police, was personally involved in making racially discriminatory employment decisions. There is no indication Parks's actions were outside the scope of his employment as chief; rather, the complaint alleges the actions were done in his capacity as chief. There is no indication Parks's actions were separate and distinct from his supervisory role. Accordingly, there is no individual liability for his actions under the THRA, and that claim will be **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Steve Parks (Court File No. 7) will be **GRANTED**, and Parks will be **DISMISSED** from this case. In addition, the Court will permit Plaintiff to substitute the current chief of the Chattanooga Police Department as a defendant in Parks's place if Plaintiff desires.

An Order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**